## EDGAR MILLS AND PARROTT & CO. *v.* JOHN BELL-MER, S. B. MOORE, L. UPSON AND W. L. UHLER.

DUTY OF OFFICERS WHO ADVERTISE FOR BIDS.—When a County Treasurer is authorized by statute to advertise for bids for the surrender of County bonds, in order that he may redeem them with money in the treasury, he has no authority, in the advertisement, to insert a condition upon which bids will be received, which is not to be implied from the duty to advertise, and which is not necessary to the exercise of his authority; such as that the bonds must accompany the bid; and it is his duty to accept the most favorable bid, even if not accompanied by the bonds.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The case arose upon the construction of section thirty-nine of the Act of April 24, 1858, to incorporate the City and County of Sacramento, etc. (Statutes 1858, p. 284.) The section referred to, so far as material to the question involved, is as follows:

"Whenever, in any year, there remains in either of the interest or sinking funds mentioned in section thirty-five or thirty-six of this Act, a surplus of one thousand dollars or more, after paying the interest in accordance with the provisions herein specified, it shall be the duty of the Treasurer to advertise for twenty days, in one of the daily papers published in the City of Sacramento, stating the amount in each fund to be disposed of, and that he will receive sealed proposals for the surrender of bonds issued under the authority of this Act; said proposals to be opened in the presence of the President and Clerk of the Board of

Supervisors, five days after expiration of said published notice, and they shall accept the lowest public proposals, at rates not exceeding par value, as may redeem the greatest amount of bonds, until the amount of cash on hand for redemption is exhausted."

It appeared that on January 20, 1874, the defendant Bellmer, as Treasurer of Sacramento County, advertised in one of the daily newspapers of the City of Sacramento that there was in the sinking and interest fund thirty-four thousand dollars to be awarded to the person or persons who would surrender the greatest amount of the funded debt of 1859, and that bids, with the bonds inclosed, would be received until a day named in the advertisement, but no bids would be received unless accompanied by the bonds. Upon opening the proposals the following bid was found:

"LONDON AND SAN FRANCISCO BANK (LIMITED),
SAN FRANCISCO, February 11th, 1873.

"John Bellmer, Esq., Treasurer of Sacramento County: I hereby agree to deliver for redemption County Bonds of the funded debt of 1859, in any amount not less than twelve thousand dollars, nor more than thirty-two thousand dollars, at the rate of nine hundred and forty-nine dollars per thousand.

"WILLIAM L. UHLER.

"N. B. Your advertisement requires the bonds to accompany the bid. These bonds are in the East, and I do not wish to incur the risk of having them sent on unless I know they are to be redeemed. If my bid is accepted, I will telegraph for them upon notification of it, and deliver them within ten days (in all probability). If required, I will get this bank to give the necessary security that they will be delivered as promised.

"Yours,    WILLIAM L. UHLER."

Another bid was received from the plaintiffs, inclosing the bonds, but the bid of Uhler was more favorable for the public by some one thousand seven hundred dollars, and he subsequently appeared before the defendants by an agent, and offered to give security that the bonds would be

placed in the hands of defendant Bellmer within ten days, if the bid should be accepted. Thereupon, the defendants, except Uhler, being in doubt as to their duty in the premises, an agreed case was submitted to the District Court for its decision as to which bid should be accepted. The defendant Moore was President of the Board of Supervisors, and the defendant Upson was Clerk of the Board.

The Court rendered judgment for Uhler, and the plaintiff appealed.

*George Cadwalader*, for the Appellant, argued that Uhler's bid was void because it did not conform to the notice; and cited *Burns* v. *Wheaton*, 46 Mo. 363; Fry on Spec. Per. Sec. 167; that Bellmer's authority was to be so construed as to include all necessary or usual means of executing it with effect (Story on Agency, Sec. 60; Paley's Agency, 189, 208; *United States* v. *Wyngall*, 5 Hill, 16, 19); and that the condition imposed in the advertisement being intended to get rid of straw bids, was not to be presumed unreasonable.

*McKune* and *Welty*, for Respondent, cited the statute, and argued that the condition imposed was not binding, because not authorized by law.

The COURT held that the bid of Uhler was entitled to be considered, notwithstanding is was not accompanied by the bonds therein referred to. It was of opinion that Uhler, being the most favorable bidder, his bid should have been accepted upon the express provision of the statute, and that the Treasurer had no authority to impose upon bidders conditions of the character here attempted, whereby it might occur that a bid the most favorable to the public, and made in conformity to the actual requirements of statute, would, nevertheless, be rejected, because of non-compliance with some condition imposed by the ministerial officer to whom the duty of merely advertising for bids was committed by the statute. The Court was of opinion that the power to impose the condition here attempted was not to be implied from the duty to advertise, because the condition imposed by the officer was not only not necessary to the exercise of his authority, but wholly foreign to it.

The judgment was affirmed.